```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JESSIE MICHEL, JR.                              CIVIL ACTION

VERSUS                                          NO: 07-7543

JADE MARINE, INC.                               SECTION: R(3)
```

## ORDER

Before the Court is defendant Jade Marine's motion for summary judgment. For the following reasons, defendant's motion is DENIED.

**I. Background**

Plaintiff Jessie Michel, Jr. applied for a job as a deckhand with defendant Jade Marine, Inc. As part of the application process, plaintiff filled out an employment application that required him to disclose pre-existing medical conditions. Although plaintiff disclosed a previous leg fracture, he failed to disclose other medical problems. He also signed a statement stating "I have never sustained an injury nor sought medical

attention for a physical problem (except for sickness or flu, etc.)."  Before his physical exam and before he was hired, however, plaintiff told Jade Marine's Operations Supervisor that he previously suffered a compression fracture in his back.  The Operations Supervisor instructed him to take the physical exam anyway.  After plaintiff passed the exam, defendant hired him and later assigned him to the M/V REVELATION.

The M/V REVELATION's sleeping area has bunk beds, but the beds have no ladder or handrail.  Defendant's Operations Supervisor describes how crew members get down from the top bunk: "Rollover.  If you lay down, roll over on your stomach, slide your feet over and down to the bottom bunk, step on the bottom bunk."  (R. Doc. 17-6 at 2.)  According to plaintiff, he was attempting this procedure on August 23, 2007, when a wave hit the boat and threw him to the ground.  Plaintiff alleges that this fall severely injured his back,[1] and he has sued defendant for maintenance and cure, Jones Act negligence and unseaworthiness.  Defendant now moves for summary judgment.

---

[1] Plaintiff does not identify his injury in his complaint.  Defendant states that plaintiff sustained injuries to both his back and his knee, citing plaintiff's interrogatory responses.  But the cited responses do not mention plaintiff's injury, (*See* Pl's Answer to Interrog. No. 3, R. Doc. 15-6),  and plaintiff mentions only an injury to his back in his reply brief.  The Court, therefore, considers only plaintiff's back injury in this Order.

**II.  Legal Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that

establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

**III. Analysis**

Defendant moves for summary judgment on all of plaintiff's claims. Each claim is addressed in turn.

*I.   Maintenance and Cure* - McCorpen *Defense*

"A Jones Act employer is entitled to investigate a seaman's claim for maintenance and cure benefits," and has legal defenses. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005)(citing *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987). "One such defense is that the injured seaman willfully concealed from his employer a preexisting medical condition." *Id.* (citing *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968). If a plaintiff concealed or misrepresented a medical fact that was both material to the employer's hiring decision, and connected to the plaintiff's injury, his maintenance and cure claim will be denied. *Id.*

Defendant requires applicants to disclose pre-existing medical conditions in its employment application. Plaintiff failed to disclose several conditions, including a compression fracture in his lower back that defendant states is connected to plaintiff's alleged injury. Defendant states that plaintiff's truthful disclosure of his pre-existing medical condition would

have affected its decision to hire him, (R. Doc. 15-3 at 2), and argues that plaintiff cannot therefore recover maintenance and cure benefits under *McCorpen*.

If plaintiff had not corrected his omission, defendant would be right on the materiality issue. *See, e.g., Brown*, 410 F.3d at 175 ("The fact that an employer asks a specific medical question on an application, and that inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for purpose of this analysis"); *Jenkins v. Aries Marine Corp.*, No. 06-6355, 2008 WL 5157664 (E.D.La. 12/9/08); *Parker v. Jackup Boat Service LLC*, 542 F.Supp.2d 481 (E.D.La. 2008); *Nichol v. Weeks Marine, Inc.*, 513 F.Supp.2d 627 (E.D.La. 2007). But plaintiff avers that he told defendant's Operations Supervisor about his back injury before he was given (and passed) a physical exam, and before he was hired. (*See* R. Doc. 17-3.)

The Fifth Circuit has never indicated that *McGorpen* requires a formalistic approach to the concealment inquiry. And defendant's self-serving statement that plaintiff's employment application omission affected its hiring decision should not end the matter. *See Parker v. Noble Drilling Corp.*, No. 98-1196, 1999 WL 104414 (E.D.La. 2/19/99)(employer's statement that non-disclosure affected hiring decision not determinative). Here,

plaintiff made clear that he had a back problem and he did so when defendant could still choose not to hire him. This is sufficient to create an issue of fact regarding whether plaintiff's failure to disclose his back injury on his application was a material concealment or misrepresentation. *See Parker,* 1999 WL 104414 at *2 ("Given Noble's decision to hire Parker despite [knowledge of plaintiff's] prior injuries, the affidavit of Jay Hunt, Noble's Manager of Recruiting, which states that Noble would not have hired Parker had it known about his prior back pain, is questionable at best"). *Cf. Loftin v. Kirby Inland Marine, LP*, 568 F.Supp.2d 754, 764 (E.D.Tex 2007)(holding that there was an issue of fact whether failure to disclose doctors visits for back pain were material concealments, when employer was aware of defendant's prior back surgeries).

II.  Jones Act

A seaman can recover under the Jones Act if his employer's negligence, "in whole or in part," caused his injuries. *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997). If a seaman contributes to his own injury by not exercising reasonable care, his recovery is reduced accordingly. *Johnson v. Cenac Towing*, 544 F.3d 296, 302 (5th Cir. 2008). Defendant contends that plaintiff's injury was *soley* caused by plaintiff's medication-induced intoxication. In support,

6

defendant submits a list of prescriptions that plaintiff was prescribed, and the depositions of several crew members stating that plaintiff was inebriated on the day in question.

If the undisputed facts show that a seaman's own negligence was the sole cause of his injury, summary judgment is appropriate. *See Keel v. Greenville Mid-Stream Service, Inc.*, 321 F.2d 903, 904 (5th Cir. 1963); *Schlichter v. Port Arthur Towin Co.*, 288 F.2d 801, 803 (5th Cir. 1961)(stating that seaman cannot recover where "the seaman's negligent intoxication is the sole cause of the injuries").  But here, plaintiff disputes that intoxication caused his accident, and attaches deposition testimony from defendant's Operations Supervisor stating that plaintiff passed a drug test administered the next day. (*See* 17-6 at 1.)  Further, plaintiff argues that the accident was actually caused by defendant's failure to install a ladder or rail on the ship's bunk.  In support, plaintiff cites the affidavit of a marine safety consultant stating that defendant's unsafe bunk was the direct cause of plaintiff's injury. (*See* R. Doc. 17-4.)  To defeat summary judgment, plaintiff does not have to show that defendant's failure to install a ladder was the sole cause of his injury, or even that he was sober; contributory negligence caused by intoxication is not a complete bar to recovery in a Jones Act case.  *See Reyes v. Vantage S.S. Co.,*

*Inc.*, 609 F.2d 140, 141-42, 146-47 (5th Cir. 1980)(remanding for determination of comparative fault when a drunk sailor died while swimming after jumping overboard); *Schlichter v. Port Arthur Towin Co.*, 288 F.2d 801, 803 (5th Cir. 1961)("Intoxication does not work a forfeiture since that generally merely mitigates damages."). It is enough that plaintiff points to specific facts that create a dispute over whether plaintiff's alleged intoxication was the sole cause of his injury, *see Celotex*, 477 U.S. at 324, and plaintiff has done so here.

In addition, defendant argues that plaintiff cannot show that defendant's negligence caused his injury, because plaintiff admitted in a deposition that the ship's lighting did not cause his fall. Plaintiff does not dispute this admission, but poor lighting is not plaintiff's negligence theory. Plaintiff argues that defendant was negligent by not installing a handhold or ladder. Defendant was aware of this argument, because defendant addresses it as the basis for plaintiff's unseaworthiness claim. But defendant does not argue that plaintiff's deposition contradicts this theory of negligence. Summary judgment is therefore inappropriate.

*III. Unseaworthiness*

To establish a claim for unseaworthiness, "the injured seaman must prove that the owner has failed to provide a vessel,

including her equipment and crew, which is reasonably fit and safe for the purposes for which it is used.  In addition, the plaintiff must establish a causal connection between his injury and the breach of duty that rendered the vessel unseaworthy." *Boudreaux v. United States*, 280 F.3d 461, 468 (5th cir. 2002) (citing *Jackson v. OMI corp.*, 245 F.3d 525, 527 (5th Cir. 2001)). A vessel's unseaworthiness may arise from various circumstances, including defective gear, appurtenances in disrepair, an unfit crew, and improper method of loading cargo, or an insufficient number of workers assigned to perform a shipboard task.  *See Usner v. Luckenbach Overseas Corp.*, 400 U.S., 499 (1971).  A plaintiff asserting a claim of unseaworthiness need not establish negligence, but bears the burden of showing that the unseaworthy condition "played a substantial role in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness."  *Phillips v. Western Co. of N.A.*, 953 F.2d 923, 928 (5th Cir. 1992).

Plaintiff argues that the REVELATION was unseaworthy because it did not have a ladder or handrail to help get off the top bunk.  Defendant argues that there are no regulations that require ladders or handrails on bunks, and that the REVELATION

was properly documented and inspected.[2]  While a vessel may be unseaworthiness *per se* if it fails to meet Coast Guard regulations, *see Smith v. Trans-World Drilling Co.*, 772 F.2d 157, 162 (5th Cir. 1985), defendant does not cite any case stating that compliance with regulations precludes an unseaworthiness claim.  For that matter, defendant does not identify any regulation that actually governs bunks, and does not argue that its bunk is even a common design.  *Cf.  Jackson v. OMI Corp.*, 245 F.3d 525, 528 (5th Cir. 2001)(dismissing plaintiff's claim that lack of handhold in doorway made vessel unseaworthy because doorway complied with federal regulations and the evidence indicated that handholds were not common).  Plaintiff, however, attaches the affidavit of a marine safety consultant that describes defendant's ladder-less bunk as "poorly designed" and a "potential hazard" that "required abatement by re-engineering." (R. Doc. 17-4 at 1.)  This is enough to keep plaintiff's unseaworthiness claim alive on summary judgment.

---

[2]  Defendant also states that the "crew testified that there...[are] rails to get into and out of the bed."  The "rail" defendant references, however, appears to refer to a rail that crew members step on while getting into the bunk; not a handrail. (*See* R. Doc. 17-6 at 2)("But if there was a time that if he had to go in a top bunk, that you had to use the bottom rail to step down.")(defendant's Operation's Supervisor describing the safety orientation he gave to plaintiff on a boat with bunks identical to those on the REVELATION).

**IV. Conclusion**

For the reasons stated above, defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, this 22nd day of December, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11